909 F.2d 1485
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Morad Khan DORANI, Defendant-Appellant.
 No. 89-6185.
 United States Court of Appeals, Sixth Circuit.
 Aug. 8, 1990.
 
 Before KENNEDY and RYAN, Circuit Judges, and JULIAN ABELE COOK, Jr., District Judge.*
 RYAN, Circuit Judge.
 
 
 1
 Defendant Morad Khan Dorani appeals his conviction and sentence for attempt to possess with intent to distribute over one hundred grams of heroin, a Schedule I controlled substance. 21 U.S.C. Secs. 846, 841(a)(1). We affirm.
 
 I.
 
 2
 On January 13, 1989, a United States Customs Service official at Kennedy Airport in New York opened a cloth-wrapped package mailed to this country from Peshawar, Pakistan. The package contained two books saturated with 252.9 grams of 100% pure heroin. The package was addressed to "Morad Khan Dorani, (President), 2501 White Avenue, Nashville, Tennessee, 37204, USA, Post Office Box # 41263, Nashville, Tennessee, 37201."
 
 
 3
 The package was forwarded to the Drug Enforcement Administration (DEA) in Nashville, Tennessee which set up a controlled delivery of the package by substituting the original books with two books of similar size and placing a sample of the heroin in one of the books and an electronic beeper in the other. The package was rewrapped in the original cloth wrapping and delivered to defendant's post office box.
 
 
 4
 On January 20, 1989 at 11:30 a.m., DEA agents observed a person later identified as defendant's employee pick up the package and take it to defendant's place of business. At 1:00 p.m., defendant left his business by automobile, without the package, and drove in a manner that led the DEA agents to believe defendant was trying to determine whether he was being followed. Driving slowly, defendant picked up a passenger, made several turns, a U-turn, and circled two parking lots before dropping the passenger off at the original pick-up place. At 3:00 p.m. defendant returned to his business, and at 3:10 p.m. the electronic beeper sounded indicating that the package had been opened. The DEA agents entered defendant's place of business to execute a search warrant and recovered the opened package from defendant's office. Defendant was arrested.
 
 
 5
 Defendant was charged in a two-count indictment with attempt to possess with the intent to distribute heroin in excess of hundred grams, and with possession with intent to distribute heroin. 21 U.S.C. Secs. 846, 841(a)(1). A jury found defendant guilty of the attempt charge and, in accordance with the court's instruction, did not reach a verdict on the possession charge. The court sentenced defendant to 97 months imprisonment and 5 years supervised release. In calculating the sentence, the court increased the offense level by two points for obstruction of justice, based on the court's opinion that defendant committed "flagrant perjury" at trial. United States Sentencing Commission, Guidelines Manual, Sec. 3C1.1 (Oct. 1988).[1] Defendant appealed.
 
 II.
 
 6
 Defendant contends the government improperly elicited testimony from George Jaskulski and A.J. Shaheed about misconduct with which the defendant was not charged, in order to show that defendant is a person of bad character and that he acted in conformity therewith, in violation of Fed.R.Evid. 404(b). The government counters that the testimony was not evidence of other crimes, wrongs, or acts at all, but was properly admitted circumstantial evidence relating to the crime charged, probative of the defendant's knowledge that the package sent to him contained heroin, and of his intent to distribute the heroin.
 
 
 7
 Jaskulski testified that around April 1988 defendant approached him and asked if he would act as an international courier and deliver packages. The contents of the packages were never discussed and, although Jaskulski thought the contents could have been contraband of some sort, he did not think defendant was involved in drugs. Jaskulski declined the offer.
 
 
 8
 Shaheed testified that between April and August 1988 defendant asked Shaheed if he knew anyone in the airline business who would carry a package, like drugs, for him. Shaheed did not take the query seriously.
 
 Federal Rules of Evidence 404(b) provides:
 
 9
 Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.
 
 
 10
 We agree with the government that the challenged evidence was not Rule 404(b) evidence at all, but was evidence of conduct relating to the crime charged.
 
 
 11
 The testimony of Shaheed and Jaskulski provided circumstantial evidence of defendant's preparation to transport and sell illegal drugs, and tends to prove defendant had knowledge that the package from Pakistan contained drugs. The evidence was properly admitted to infer defendant's knowledge or intent to possess the heroin for resale. See United States v. Ring, 513 F.2d 1001, 1008-1009 (6th Cir.1975). The evidence was also properly admitted to infer defendant was involved in a plan to import and sell controlled substances illegally. See United States v. Ismail, 756 F.2d 1253, 1259 (6th Cir.1985).
 
 
 12
 The trial judge found the probative value of the challenged evidence outweighed its prejudicial effect. We conclude the trial court did not abuse its "very broad" discretion. United States v. Dabish, 708 F.2d 240, 243 (6th Cir.1983).
 
 
 13
 Defendant also objects to the testimony of Shaheed to the effect that he and the defendant were previously involved in a scheme involving illegal trafficking in airline tickets. Defendant contends that evidence was not admissible under Fed.R.Evid. 404(b) or for any other proper purpose. We agree.
 
 
 14
 During the course of the direct examination of Shaheed, the government asked when the conversation with defendant about drugs occurred:
 
 
 15
 Q. What was the time frame?
 
 
 16
 A. I got to know Mr. Dorani around April of 1988 when we started working together in the ticket scam, and it lasted for about three months from there on. I would say until August or something.
 
 
 17
 The witness's reference to the defendant's involvement in a "ticket scam" was not solicited by the United States attorney and, strictly speaking, was not responsive to the question. The government did not claim at trial, nor does it claim now, that any evidence of Dorani's previous involvement in a "ticket scam" was admissible as uncharged misconduct under Fed.R.Evid. 404(b). The government's position, with which we agree, is that the witness Shaheed volunteered the reference to the ticket scam, unbiddened, because, in his judgment, it was integral to his discussion with Dorani concerning drug activity. The government did not solicit the ticket scam reference and did not pursue the matter further. The defense counsel did not object to the answer by Shaheed to which the defendant now objects and, in fact, explored the subject in some detail on cross-examination. The trial defense counsel's decision to do so was unquestionably a strategy judgment but it is not one that may now be properly turned against the government on the theory that the net effect was incriminating to the defendant.
 
 
 18
 In all events, in our judgment, given the force of the other evidence of the defendant's guilt, direct and circumstantial, the witness Shaheed's unresponsive reference to the defendant's involvement in the "ticket scam," while improper, was harmless. Fed.R.Crim.P. 52(a).
 
 III.
 
 19
 Defendant contends the district court erred in increasing the offense level by two for obstruction of justice because defendant's alleged false testimony was not material to the issues being tried. The government counters that materiality for perjury purposes requires only that the perjurious statement be capable of influencing the jury.
 
 
 20
 This court's review of a sentence imposed, pursuant to 18 U.S.C. Sec. 3742(e) (1990), is limited. Our duty is to determine whether the sentence imposed was the result of an incorrect application of the sentencing guidelines. We defer to the district court's assessment of the witness' credibility and we accept its findings of fact unless clearly erroneous.
 
 
 21
 Section 3C1.1 of the sentencing guidelines states:
 
 
 22
 If the defendant willfully impeded or obstructed, or attempted to impede or obstruct the administration of justice during the investigation or prosecution of the instant offense, increase the offense level by 2 levels.
 
 The commentary to section 3C1.1 explains:
 
 23
 This section provides a sentence enhancement for a defendant who engages in conduct calculated to mislead or deceive authorities or those involved in a judicial proceeding, or otherwise to willfully interfere with the disposition of criminal charges, in respect to the instant offense.
 
 
 24
 Conduct which may provide a basis for applying this adjustment includes "testifying untruthfully or suborning untruthful testimony concerning a material fact." U.S.S.G. Sec. 3C1.1, comment n. 1(c).
 
 
 25
 The district court found that defendant was guilty of "flagrant perjury" of material facts concerning his evasive driving following the delivery of the package to his place of business and the return address on the package. The court found the defendant was "determined to commit perjury in an effort to relieve himself of the punishment involved in the crime."
 
 
 26
 Defendant testified during the trial that he left his place of business after the package was delivered in order to take a friend to the post office and that his stops and U-turns were due to his unfamiliarity with the area. However, at an earlier hearing before a magistrate, defendant testified that the purpose of his slow, circuitous driving was to accommodate his effort to persuade the female passenger to marry his brother. At trial, two DEA agents testified that defendant drove as if he were trying to determine whether he was being followed.
 
 
 27
 At trial, defendant also denied ever having lived on Takal Street in Peshawar, Pakistan, the return address on the package, even though his immigration application, to which he swore an oath, stated he lived there. The government contends, and the district court agreed, that this testimony was an attempt to discredit the evidence linking defendant to the package.
 
 
 28
 The commentary to the sentencing guidelines declares that among the criteria for materiality is whether the defendant engaged in conduct calculated to mislead or deceive the jury or otherwise obstruct justice. Similarly, the test of materiality under the perjury statute requires the false testimony be capable of influencing the tribunal on the issue before it. United States v. Lazaros, 480 F.2d 174, 177 (6th Cir.1973), cert. denied, 415 U.S. 914 (1974).
 
 
 29
 We are satisfied that the defendant's false testimony was an effort to mislead or otherwise influence the jury. The district court's conclusion that defendant testified falsely and his false testimony obstructed justice is not clearly erroneous.
 
 
 30
 For all of the foregoing reasons, we AFFIRM the judgment of conviction and sentence ordered by the district court.
 
 
 
 *
 The Honorable Julian A. Cook, Jr., Chief United States District Judge for the Eastern District of Michigan, sitting by designation
 
 
 [1]
 The obstruction of justice guideline set forth in the October 1988 guidelines manual, under which defendant was sentenced, remains unchanged in the November 1989 guidelines manual